IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYEGATE SHOW SERVICES, INC.,** | : | Civil No. 1:18-CV-1519 |
| Plaintiff, | : | |
| v. | : | |
| **E-1 MACHINE, LLC,** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court are three motions: (1) Tucker R. Hall, Esquire's consent motion for leave to withdraw as counsel for E-1 Machine, LLC ("Defendant") (Doc. 30); (2) Defendant's motion to enlarge time (Doc. 31); and (3) Ryegate Show Services, Inc.'s ("Plaintiff") motion to dismiss Defendant's objections to personal jurisdiction and sanctions (Doc. 32). For the reasons that follow, the court will grant Attorney Hall's motion to withdraw as counsel, grant Defendant's motion to enlarge time, and grant Plaintiff's motion to dismiss.

## **I. Background**

Plaintiff initiated this action via complaint on July 31, 2018. (Doc. 1.) Defendant filed a motion to dismiss for lack of personal jurisdiction and supporting brief on August 30, 2018. (Docs. 6-7.) On September 12, 2018, Plaintiff filed a brief in opposition as well as a motion for jurisdictional discovery. (Docs. 8-11.) The court granted Plaintiff's motion for jurisdictional discovery and stayed Defendant's pending motion to dismiss on October 25, 2018. (Doc. 14.)

On January 15, 2019, Plaintiff filed its first motion to dismiss Defendant's objections to personal jurisdiction detailing that Defendant's representative and sole owner, Steve Sholl ("Sholl"), refused to cooperate in answering reasonable questions during a telephone deposition. (Doc. 18.) Following a conference call, the court ordered Sholl to participate in a deposition in good faith and provide full, complete, and fair answers to all questions unless his counsel directed otherwise. (Doc. 19.) Additionally, the court declined to impose sanctions at that time but reserved the right to reconsider sanctions if Sholl continued to impede, delay, or frustrate the jurisdictional discovery process. (*Id.*) On February 27, 2019, defense counsel, Joseph Hudock, Esquire ("Attorney Hudock"), requested to withdraw as counsel as Sholl no longer wished to have Attorney Hudock represent Defendant. (Doc. 20.) Plaintiff consented to Attorney Hudock's withdrawal but again requested sanctions because Defendant failed to coordinate and participate in a deposition as ordered by the court. (Doc. 22.) On March 7, 2019, the court granted Attorney Hudock's motion to withdraw as counsel, provided Defendant with thirty days to obtain new counsel, and denied Plaintiff's motion for sanctions with the warning that the court would impose sanctions if Defendant continued to impede or delay this action. (Doc. 23.)

On April 16, 2019, following the expiration of Defendant's thirty days to locate new counsel, the court ordered Defendant to show cause within fourteen days why judgment should not be entered against it. (Doc. 24.) Sholl, on behalf of

Defendant, requested an extension of time for counsel to enter an appearance and respond to the court's April 16, 2019 order to show cause, which the court granted. (Docs. 25-26.) Attorney Hull timely entered his appearance on May 14, 2019, and requested sixty days to complete jurisdictional discovery. (Docs. 27-28.) The court provided the parties until July 22, 2019, to complete discovery. (Doc. 29.)

Attorney Hull subsequently filed a motion to withdraw as counsel on July 18, 2019, stating that he "worked diligently to comply with this Court's orders and to timely complete jurisdictional discovery." (Doc. 30, p. 3 of 9.) However, Attorney Hull felt that Defendant did not provide "the cooperation, documents, or information necessary to comply with the prior orders of this Court regarding jurisdictional discovery." (*Id.* at 3-4 of 9.) He further detailed that the parties scheduled Sholl's deposition for the afternoon of July 16, 2019. (*Id.* at 4 of 9.) On the morning of July 16, 2019, Sholl and Attorney Hull had a "fundamental disagreement about the terms on which he would participate in the deposition," leading Sholl to indicate that he intended to find new counsel. (*Id.*) On July 22, 2019, Sholl filed a motion to enlarge time to retain new counsel stating that he believed Attorney Hull participated in attorney misconduct and misrepresentation. (Doc. 31.)

Finally, on July 25, 2019, Plaintiff filed a combined motion to dismiss Defendant's objections to personal jurisdiction and motion for sanctions arguing that Defendant's "willful refusal" to comply with the court's orders justifies dismissal of

Defendant's pending motion to dismiss for lack of personal jurisdiction. (Docs. 32-33.) Plaintiff also requested sanctions in the form of counsel fees and costs of $1,638.50, and that the court grant judgment on the issue of liability in favor of Plaintiff. (*Id.*)

## II. Discussion

A brief review of this matter's history illustrates the frustration and exasperation of this court, Plaintiff, and defense counsel in attempting to advance this case. Sholl, as Defendant's principal and majority owner, has made investigating the issue of personal jurisdiction impossible and has impeded the progression of this case past the pleading stage. The court has been patient with Sholl and provided Defendant with several opportunities to comply with court orders. Defendant, however, still failed to meaningfully participate in this litigation.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the court to impose sanctions "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." "Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismissal of all or part of the action." *Craig v. Kelchner*, No. 3:07-cv-1157, 2010 WL 528331, *2 (M.D. Pa. Feb. 11, 2010) (citing Fed. R. Civ. P. 37(b)(2)(i)-(vii)). In exercising its

4

discretion, the court must impose a just sanction that is "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, LTD v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

There is no question that Defendant's principal and majority owner, Sholl, is the offending party in this case. He has impeded, delayed, and frustrated the jurisdictional discovery process which stemmed from a motion filed by Defendant. The court has provided more than enough opportunities for Defendant to comply with the court's orders and sufficient warnings that sanctions would be imposed if Defendant continued to ignore this court. Consequently, Defendant will be sanctioned in two ways. First, the court will deny Defendant's motion to dismiss for lack of personal jurisdiction (Doc. 6). *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii). As a result of Defendant's refusal to participate in the jurisdictional discovery process, Defendant has waived the defense that this court lacks personal jurisdiction. *See id.*; *Ins. Corp. of Ireland, LTD*, 456 U.S. at 704-705. Second, the court will grant Plaintiff's request for costs and fees totaling $1,638.50 as outlined in Exhibit F (Doc. 32-6) related to the jurisdictional discovery process. *See* Fed. R. Civ. P. 37(b)(2)(C).

Furthermore, given the clear breakdown with yet another attorney, the court will grant Attorney Hull's motion to withdraw as counsel for Defendant. (Doc. 30.) The court will provide Defendant with thirty days, or until September 6, 2019, to retain new counsel thereby granting Defendant's request for additional time. (Doc.

31.) However, if counsel has not entered his or her appearance by September 6, 2019, the court will consider the additional sanction of granting judgment in favor of Plaintiff regarding liability and schedule a hearing on damages.[1] In the event Defendant is able to retain new counsel, the court will set forth case management deadlines that must be strictly followed. A failure to abide by this memorandum and order will result in a ruling of judgment in Plaintiff's favor on liability pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi).

## III. Conclusion

For the reasons stated herein, the court will grant Attorney Hull's motion to withdraw as counsel, grant Defendant's motion to enlarge time, and grant Plaintiff's motion to dismiss. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 7, 2019August 7, 2019

---

[1] Defendant, a corporation, must be represented by counsel. *G6 Hosp. v. HI Hotel Grp., LLC*, No. 11-cv-2176, 2015 WL 11605232, *1 (M.D. Pa. May 18, 2015) (citing *Simbraw, Inc. v. United States*, 367 F.2d 373, 373-74 (3d Cir. 1966); *Pa. Bus. Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511, 513 (E.D. Pa. 2004)) Thus, if counsel does not enter an appearance by September 3, 2019, the court may resort to issuing a default judgment on liability.